UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA FLOYD JOHNSON | * | CIVIL ACTION |
| Plaintiff | * | NO: |
| Versus | * | |
| | * | |
| TEXTRON, INC. D/B/A TEXTRON | * | |
| MARINE AND LAND SYSTEMS; | * | SECTION: |
| RANDALL E. BRAY; LIBERTY | * | |
| MUTUAL INSURANCE COMPANY; | * | |
| NATIONAL RAILROAD | * | |
| PASSENGER CORPORATION | * | |
| ; and THE ALABAMA | * | MAGISTRATE: |
| GREAT SOUTHERN RAILROAD | * | |
| COMPANY | * | |
| Defendants | * | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes, Plaintiff, Patricia Floyd Johnson, a person of the full age of majority and resident of the County of Douglasville, State of Georgia, who respectfully represents, to wit:

I.

Made Defendants herein are:

Textron Inc., d/b/a Textile Marine and Land Systems ("Textron"), a foreign corporation, authorized to and doing business within the confines of the United States District Court in the Eastern District of Louisiana;

Randall E. Bray ("Bray"), a person of the full age of majority and resident of the Parish of St. Tammany, State of Louisiana;

Liberty Mutual Insurance Company ("Liberty Mutual"), a foreign insurance company authorized to and doing business in the State of Louisiana;

1

National Railroad Passenger Corporation ("Amtrak"), a corporation organized and existing by virtue of an Act of Congress and authorized to and doing business in the State of Louisiana as an interstate carrier, engaged in interstate transportation, operating an interstate system of railroads in and through various states including the State of Louisiana; and

The Alabama Great Southern Railroad Company ("AGS"), a subsidiary of Norfolk Southern Corporation, a corporation duly organized in the State of Alabama, with its central place of business in Norfolk, Virginia, but authorized to and doing business within the confines of the United States District Court in the Eastern District of Louisiana, including the operation of trains in the Eastern District of Louisiana.

### II.

At all times relevant thereto, Defendant Amtrak was doing business and conducting rail operations and has places of business in and through several states including rail operations and places of business within the confines of the Eastern District of Louisiana, where this action is filed.

### III.

At all times pertinent hereto, the Amtrak train of which Plaintiff was a crew member was operating on tracks owned, operated, maintained and/or controlled by Defendant AGS.

### IV.

At all times pertinent hereto, Defendant Amtrak was an interstate carrier by rail and was engaged in interstate transportation and commerce. Plaintiff, Patricia Floyd Johnson, was employed by Defendant Amtrak as a Train Attendant, and as such was working and engaged in interstate commerce and transportation at the time set forth herein and said work directly,

2

closely, and substantially affected the general interstate commerce carried on by Defendant Amtrak.

V.

Plaintiff's rights and remedies against Defendant Amtrak arise under the Federal Employer's Liability Act, 45 USC §51, et seq. ("the FELA"), and the jurisdiction of this Honorable Court exists under the provisions of the FELA.

VI.

This Honorable Court has jurisdiction over Plaintiff's "non-FELA" claims pursuant to 28 USC §1367. Specifically, this Honorable Court, has jurisdiction over the claims asserted against the "non-FELA" defendants in that those claims, like the FELA claims, form part of the nexus of facts in controversy.

VII.

Venue is proper in this matter pursuant to the terms of 28 USC §1391, in that the cause of action arose in this District and Defendants, Textron, Bray, Liberty Mutual, Amtrak, and AGS reside in the Eastern District of Louisiana and/or have regular and systematic contact with this District. Moreover, this Honorable Court has specific jurisdiction over all defendants.

VIII.

On or about April 20, 2011, Plaintiff, Patricia Floyd Johnson, was assigned to work aboard Amtrak train No. 20, known as the "Crescent." At approximately 8:00 a.m., on the aforesaid date, the Crescent was traveling north toward the railroad grade crossing located at a private road, known as Cleveland Avenue, in Slidell, Louisiana, said crossing having been assigned DOT No.: 725-160T.

IX.

As the train approached said crossing, same encountered a tractor trailer owned and/or operated by Defendants Bray and Textron, said tractor trailer being upon the track when the Amtrak train reached the crossing.

X.

As a result of the presence of the tractor trailer on the tracks when the train reached the crossing, a violent collision occurred between the Amtrak train and the tractor trailer derailing the train and causing Plaintiff to be violently thrown about the car twisting her body as she was attempting to assist some passengers and made to suffer severe and debilitating injuries.

COUNT I

ACTION AGAINST TEXTRON

XI.

Plaintiff incorporates herein by reference and as if copied in extenso the allegations of Paragraphs I-X.

XII.

On or about April 20, 2011, a tractor trailer owned and operated by Defendant Textron negligently caused injury to Plaintiff. The injury to Plaintiff was proximately caused by the negligence of Defendant Textron, its agents, servants and/or employees acting in the course and scope of their employment. Defendant Textron negligently entrusted, negligently hired, and/or negligently retained the operator of the tractor trailer, Defendant Bray.

XIII.

Specifically, but without limitation, Plaintiff asserts that Defendant Textron allowed its driver, agent, and employee to operate the vehicle he was driving in a negligent manner and

violated the duty which he owed to Plaintiff that required ordinary care in the operation of a motor vehicle in the following particulars, to wit:

1. Failing to maintain a proper lookout;

2. Failing to timely apply the brakes to the vehicle in order to avoid the wreck in question;

3. Failing to drive at a safe and reasonable speed under the circumstances;

4. Failing to yield the right of way to the approaching train;

5. Failing to not place his vehicle upon the tracks when it was unsafe to do so;

6. Failing to not attempt to cross the tracks when it was unsafe to do so;

7. Failing to not block the tracks with a portion of his vehicle;

8. Failing to remove his vehicle from the tracks to provide a safe, clear passage of the approaching train;

9. Failing to give a reasonable warning; and

10. Failing to follow applicable federal state rules and regulations.

## XIV.

Defendant Textron's violation of applicable federal and state rules and regulations amounts to negligence as a matter of law. Each of such acts and omissions, singularly or in combination with others, constitutes negligence, which proximately caused the accident and injury which the Plaintiff suffered. In addition, Defendant Textron violated federal and state statutes related to traffic, tractor trailers, and railroad crossings. Defendant Textron also violated 49 CFR 325, 328, 383, 385-7, and 390-9. Defendant Textron's violations amounted to negligence per se.

5

### XV.

At all times relevant hereto, Defendant Bray was in the course and scope of his employment with Defendant Textron, thereby rendering Defendant Textron vicariously liable for the negligence of its employee, Defendant Bray.

### COUNT II

### ACTION AGAINST BRAY

### XVI.

Plaintiff incorporates herein by reference and as if copied in extenso, Paragraphs I-X.

### XVII.

Defendant Bray was the driver of the tractor trailer that was a cause of the collision at issue. The negligence of Defendant Bray was a proximate cause of the injuries and damages which Plaintiff herein claims. In addition, Defendant Bray violated the federal laws and state statutes related to traffic, tractor trailers, and railroad crossings. Defendant Bray also violated 49 CFR 325, 328, 383, 385-7, and 390-9. Defendant Bray's violations amounted to negligence per se, and Defendant Textron, as his employer, is responsible for all such acts herein.

### XVIII.

Specifically, but without limitation, Plaintiff asserts that Defendant Textron's driver, agent, and employee, Defendant Bray, operated the vehicle he was driving in a negligent manner and violated the duty which he owed the Plaintiff that requires ordinary care in the operation of a motor vehicle in the following non-exclusive particulars, to wit:

1. Failing to maintain a proper lookout;
2. Failing to timely apply the brakes to the vehicle in order to avoid the wreck in question;

3. Failing to drive at a safe and reasonable speed under the circumstances;

4. Failing to yield the right of way to the approaching train;

5. Failing to not place his vehicle upon the tracks when it was unsafe to do so;

6. Failing to not attempt to cross the tracks when it was unsafe to do so;

7. Failing to not block the tracks with a portion of his vehicle;

8. Failing to remove his vehicle from the tracks to provide a safe, clear passage of the approaching train;

9. Failing to give a reasonable warning; and

10. Failing to follow applicable federal state rules and regulations.

## COUNT III

## ACTION AGAINST LIBERTY MUTUAL

### XIX.

Plaintiff incorporates herein by reference and as if copied in extenso the allegations of Paragraphs I-XVIII.

### XX.

On information and belief, at the time of the instant accident, Liberty Mutual Insurance Company had in full force and effect a policy of liability insurance providing coverage in favor of Defendant Textron and Defendant Bray for the claims asserted by Plaintiff, thereby rendering Defendant Liberty Mutual liable, *in solido,* for the negligence of Defendant Textron and Defendant Bray.

## COUNT IV

## FELA CAUSE OF ACTION AGAINST AMTRAK

### XXI.

Plaintiff incorporates herein by reference and as if copied herein in extenso the allegations of Paragraphs I-X.

### XXII.

Plaintiff's action against Defendant Amtrak is brought pursuant to the Federal Employer's Liability Act, 45 USC §51, et seq., the FELA, to recover damages for personal injuries sustained by Plaintiff while employed by Defendant Amtrak and while engaged in interstate commerce. At all times mentioned in this complaint, Defendant Amtrak was a common carrier by railroad. At all times relevant thereto, Plaintiff was an employee of Defendant Amtrak, was in the course and scope of his employment, and employed by Defendant Amtrak to further Defendant Amtrak's above described activities of commerce between any of the several states by railroad pursuant to the provisions of 45 USC§51, et seq., Defendant Amtrak had a non-delegable duty to provide Plaintiff with a safe place to work.

### XXIII.

The injuries to Plaintiff were due in whole or in part to the negligence of Defendant Amtrak, its agents, servants or employees acting in the course and the scope of their employment. Defendant Amtrak and its agents failed to provide Plaintiff with a safe place to work and safe crossing. Defendant Amtrak knows that train collisions occur and will continue to occur. Defendant Amtrak and its agents also failed to comply with the applicable industry standards, state and federal law, amounting to negligence in the matter of law. 45 USC §63-64(a)

## COUNT V

## ACTION AGAINST AGS

### XXIV.

Plaintiff incorporates herein by reference and as if copied herein in extenso the allegations of Paragraphs I-X.

### XXV.

At all times pertinent hereto, Defendant AGS owned and/or maintained the railroad crossing and track on which the Amtrak train was traveling. Plaintiff maintains that a cause of the instant collision was the negligence, carelessness and unlawful conduct of Defendant AGS, who failed to properly to maintain and control its railroad crossing and tracks where the collision took place, by way of the following non-exclusive list of particulars, to wit:

1. Failing to control obstructions to the view of the motoring public due to trees along the track;

2. Failing to install properly placed railroad crossbuck signs, stop sign, and advanced warning sign;

3. Failing to maintain smooth crossing surfaces for vehicles to traverse so a motorist could watch for oncoming trains without having to be on the lookout for road defects;

4. Failing to properly warn Plaintiff of the dangers in front of him;

5. Creating and permitting the dangers and hazards to exist on the crossing, property, premises, work area, or equipment where railroad employees are required to work;

6. Failing to provide Plaintiff a reasonably safe place in which to work, which is required by law;

7. Failing to provide Plaintiff with reasonably safe equipment with which he performs his work;

8. And any and all other acts of negligence which may be shown at trial on the merits of this matter.

## DAMAGES

### XXVI.

Plaintiff incorporates herein by reference and as if copied herein in extenso the allegations of Paragraphs I-XXV.

### XXVII.

As the approximate and legal result of the occurrence of April 20, 2011, Plaintiff has suffered injuries to his mind and body. In all reasonable probability, Plaintiff will continue to suffer in this manner for a long time, if not for the balance of his natural life. These injuries are permanent in nature. Plaintiff has lost wages in the past and will suffer a loss of future wages, benefits, and earning capacity. Plaintiff will show that due to the incident described above that he has suffered permanent and physical impairments and the loss of life's pleasures. Because of the nature and the consequences of his injuries, Plaintiff has suffered great physical and mental pain, sufferings, and anguish, and in all reasonable probability, will continue to suffer in this manner for the balance of his natural life.

### XXVIII.

As a further result thereof, Plaintiff has incurred expenses for medical care and treatment, such as physician's fees, medical supplies, appliances, medicine, hospitalization and related services. These expenses were incurred for necessary care and treatment of the injuries resulting

from the incident complained of. The charges are reasonable and they were the customary charges made for such services in the area in which they were rendered.

## XXIX.

As a further result of the injury sustained by the Plaintiff, there is a reasonable probability that he will incur future expenses for his medical care and attention.

## XXX.

Plaintiff has also suffered emotional injury together with lost wages, mental pain and anguish as a direct result of the negligence and unlawful acts of Defendants Textron, Bray, Amtrak, and AGS.

## XXXI.

Plaintiff further demands and requests that all issues herein be tried before a Jury herein.

**WHEREFORE,** Plaintiff, prays that Defendants Textron, Bray, Liberty Mutual, Amtrak, and AGS be duly cited and served with the instant Complaint for Damages and be made to appear and answer same, and after all due proceedings had, there be judgment rendered herein in favor of Plaintiff, and against Defendants, jointly, severally, and in solido, for damages in excess of $75,000.00, exclusive of interest and costs; post judgment interest at the legal rate against all defendants; pre-judgment interest against all non-FELA defendants; attorney's fees, court costs, and all general and equitable relief.

(See signature on next page)

                    **Respectfully Submitted,**

                    **ROME, ARATA, BAXLEY & STELLY, L.L.C.**

**BY:**    <u>/s/ Blake G. Arata, Jr.</u>
           **BLAKE G. ARATA, JR. #1697**
           **C. PERRIN ROME, III #17774**
           **W. CHAD STELLY #21140**
           650 Poydras Street, Suite 2017
           New Orleans, Louisiana 70130
           Telephone: (504) 522-9980
           Facsimile: (504) 522-9971
           <u>**barata@romearata.com**</u>
           <u>**wcstelly@romearata.com**</u>
           **Attorneys for Plaintiff, Patricia Floyd Johnson**